## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NEW JERSEY

**SECURITIES AND EXCHANGE COMMISSION,**

*Plaintiff/Petitioner,*

**v.**

**RALPH CALABRO, JASON KONNER
AND DIMITRIOUS KOUTSOUBOS,**

*Defendants/Respondents.*

Docket No.:

## APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933 AND SECTION 21(e)(1) OF THE SECURITIES EXCHANGE ACT OF 1934 <u>ENFORCING COMPLIANCE WITH COMMISSION ORDER</u>

NOW COMES Plaintiff Securities and Exchange Commission (the "Commission"), by and through its counsel, Christopher R. Thomson, which respectfully applies to this Court for the entry of a judgment enforcing compliance by the Defendants Ralph Calabro ("Calabro"), Jason Konner ("Konner") and Dimitrious Koutsoubos ("Koutsoubos") with a final Commission order entered against them on May 29, 2015 (the "Commission Order"), which, in part, required each to pay disgorgement together with prejudgment interest and a civil penalty.

## <u>INTRODUCTION</u>

1.      The Commission seeks by this action to enforce the Commission order, which found that the Defendants willfully violated:

      a.      Sections 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a); and

      b.      Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5;

2.     The Defendants have not complied with the Commission Order in that they have not paid the disgorgement, prejudgment interest, or civil money penalty, imposed on them by the Commission Order.

## PARTIES

3.     The Commission is an agency of the United States Government.    The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.     Calabro is a resident of Matawan, NJ.  Konner is a resident of Brooklyn, NY. Koutsoubos is a resident of Ocean, NJ.  Each was previously employed by J.P. Turner &Co. ("J.P. Turner").

## JURISDICTION AND VENUE

5.     This Court has jurisdiction under Sections 20(c) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(c) and 77v(a), and Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78u(e)(1) and 78aa(a).

6.     Venue lies in the District of New Jersey under Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that Defendants are "found" or are inhabitants of or transact business within the District of New Jersey.

## STATEMENT OF RELEVANT FACTS

7.     A broker violates Exchange Act Section 10(b) and Rule 10b-5, as well as Securities Act Section 17(a), by churning.[1] "'Churning' is a shorthand expression for a type of fraudulent conduct in a broker-customer relationship where the broker 'overtrades' a relying customer's

---

[1] *Donald A. Roche*, Exchange Act Release No. 38742, 53 SEC 16, 1997 WL 328870, at *5 (June 17, 1997) (finding that respondent "wilfully violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, by churning [customer] accounts").

account to generate inflated sales commissions."[2] Churning has been recognized as a manipulative and deceptive device within the meaning of Section 10(b) and Rule 10b-5.[3] "Churning occurs when a securities broker enters into transactions and manages a client's account for the purpose of generating commissions and in disregard of his client's interests."[4] "Churning is commonly said to have three elements: (1) control of the customer's account by the broker, either explicit or de facto; (2) excessive trading in light of the customer's investment objectives; and (3) scienter — the required state of mind for liability under Section 10(b) and Rule 10b-5."[5]

8.       Under this standard, the Commission concluded, based on a preponderance of the evidence,[6] that each Defendant churned a customer account he controlled.  Full details are included in the Commission Order, which is attached hereto as <u>Exhibit 1</u>.  The Commission concluded that Calabro churned the account of Dudley Wayne Williams, an elderly retired client who paid nearly $300,000 in commissions over the relevant period. The Commission concluded that Konner, churned the account of James Carlson, a self-employed Iowa farmer who paid nearly $90,000 in commissions in 2009.  Finally, the Commission also concluded that Koutsoubos churned the

---

[2] *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489 (6th Cir. 1990).

[3] *Armstrong v. McAlpin*, 699 F.2d 79, 91 (2d Cir. 1983); *accord David Wong*, Exchange Act Re ease No. 45426, 55 SEC 602, 2002 WL 200089, at *4 n.20 (Feb. 8, 2002); *see also Carras v. Burns*, 516 F.2d 251, 258 (4th Cir. 1975) (recognizing that churning "is a deceptive device made actionable by § 10(b) of the Securities Exchange Act and S.E.C. Rule 10b-5").

[4] *William J. Murphy*, Exchange Act Release No. 69923, 2013 WL 3327752, at *15 (July 2, 2013) (quoting *Roche*, 1997 WL 328870, at *4), *petition denied sub nom., Birkelbach v. SEC*, 751 F.3d 472 (7th Cir. 2014); *see also Al Rizek*, Exchange Act Release No. 41725, 54 SEC 261, 1999 WL 600427, at *5 (Aug. 11, 1999) ("Churning occurs 'when a securities broker buys and sells securities for a customer's account, without regard to the customer's investment interests, for the purpose of generating commissions.'" (quoting *Olson v. E.F. Hutton & Co.*, 957 F.2d 622, 628 (8th Cir. 1992))), *aff'd*, 215 F.3d 157 (1st Cir. 2000).

[5] *SEC v. Rizek*, 215 F.3d at 162 (citations omitted).

[6] *See Rita J. McConville*, Exchange Act Release No. 51950, 58 SEC 596, 2005 WL 1560276, at *14 (June 30, 2005) ("[I]t is well settled that the applicable standard . . . is preponderance of the evidence." (citing *Steadman v. SEC*, 450 U.S. 91, 102 (1981))), *petition for review denied*, 465 F.3d 780 (7th Cir. 2006).

account of Teddy Dale Bryant who paid nearly $50,000 in commissions in 2009. As explained in

the Commission Order, each Defendant's trading surpassed relevant guideposts the Commission

considers indicative of excessive trading, including by as much as nine times the benchmark, and

each Defendant acted with scienter.

9.    The Commission Order found that as a result of this conduct Defendants:

   a.    Willfully violated Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a),
         which prohibits fraudulent conduct in the offer or sale of securities; and

   b.    Willfully violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),
         and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, which prohibit
         fraudulent conduct in connection with the purchase or sale of securities.

10.    The Commission Order directed that Defendants cease and desist from committing

or causing any violations and any future violations of Section 17(a) of the Securities Act, 15 U.S.C.

§ 77q(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17

C.F.R. § 240.10b-5.

11.    The Commission Order further imposed industry bars against each Defendant

pursuant to Exchange Act Section 15(b)(6)(A).

12.    The Commission Order required Defendants to pay disgorgement, representing

profits gained and/or losses avoided as a result of the conduct described in the Order. Calabro was

ordered to disgorge $247,945 plus prejudgment interest of $45,997.68 and was ordered to pay civil

money penalty of $150,000. Konner was ordered to disgorge $55,000 plus prejudgment interest

of $9,982.61 and was ordered to pay a civil money penalty of $150,000. Koutsoubos was ordered

to disgorge $16,461 plus prejudgment interest of $3,826.79 and was ordered to pay a civil money

penalty of $130,000. Additional interest has accrued pursuant to Rule 600 of the Commission's

Rules of Practice, 17 C.F.R. § 201.600 (disgorgement) and 31 U.S.C. § 3717 (civil money

penalty).

13.    Calabro has paid $2,596.88.  Konner and Koutsoubos have not made any payment on the disgorgement and prejudgment interest as required by the Commission Order, and none of the Respondents made any payment on the civil money penalty assessed against them or on additional interest, which continues to accrue.

## ARGUMENT

14.    Section 20(c) of the Securities Act, 15 U.S.C. § 77t(c), provides:

Upon application of the Commission, the district courts of the United States …
shall have jurisdiction to issue writs of mandamus commanding any person to
comply with the provisions of this title or any order of the Commission made in
pursuance thereof.

15.    Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), provides:

Upon application of the Commission the district courts of the United States …
shall have jurisdiction to issue writs of mandamus, injunctions, and orders
commanding (1) any person to comply with the provisions of this title, the rules,
regulations, and orders thereunder….

16.    These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in district courts.

17.    Under these provisions, the Commission "may ... seek ... 'orders' from the federal courts commanding any person to comply with, inter alia, 'the provisions of [the federal securities laws], the rules, regulations, and orders thereunder." *Fiero v. Financial Industry Regulatory Authority, Inc.*, 660 F.3d 569, 575 (2d Cir. 2011).  These provisions vest the Commission "with authority to apply to the district court for orders commanding compliance with the SEC orders." *SEC v. Vittor*, 323 F.3d 930, 935 (11th Cir. 2003), citing *Lang v. French*, 154 F.3d 217 (5th Cir. 1998).

18.    Proceedings under these provisions are summary in nature.  *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal

pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

19.    In such proceedings the Defendants may not challenge the validity of the order the Commission seeks to enforce in such proceedings.  *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).  "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order."  *McCarthy* at 658.

21.    These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint.  *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

22.    This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause

WHEREFORE, the Commission respectfully requests:

1.    That the Court issue an Order to Show Cause directing Defendants to appear  and show cause why the Court should not enter a judgment enforcing the Commission Order.

2.    That the Court enter a judgment enforcing the Commission Order by requiring Defendants to pay disgorgement and prejudgment interest pursuant to Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, and postjudgment interest pursuant to 28 U.S.C. § 1961.

3.    That the Court enter a judgment enforcing the Commission Order by requiring Defendants to pay the civil money penalties and interest thereon pursuant to 31 U.S.C. § 3717,

and postjudgment interest pursuant to 28 U.S.C. § 1961.

      4.      That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

      5.      That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

      6.      That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

VII.

That the Court order such other and further relief as may be just and proper.

Dated:      Washington, DC
               May 27, 2020      Respectfully Submitted,

                                       /s/ Christopher R. Thomson
                                       Christopher R. Thomson
                                       U.S. Securities and Exchange Commission
                                       100 F Street, NE, Mail Stop 5631
                                       Washington, DC 20549
                                       Tel: 202-551-6173
                                       Email: ThomsonC@sec.gov