UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                       |                                      |
|---------------------------------------|--------------------------------------|
| SECURITIES AND EXCHANGE COMMISSION,   |                                      |
| Plaintiff,                            | Civil Action No. 20-10162 (MAS) (DEA) |
| v.                                    | **MEMORANDUM ORDER**                 |
| RALPH CALABRO *et al.*,               |                                      |
| Defendants.                           |                                      |

This matter comes before the Court on its Order to Show Cause ("OTSC," ECF No. 3) as to whether the Court should enter judgment enforcing Petitioner Securities and Exchange Commission's (the "Commission") May 2015 order against Defendants Ralph Calabro ("Calabro"), Jason Konner ("Konner"), and Dimitrious Koutsoubos ("Koutsoubos") (collectively, "Defendants"), as requested in the Commission's application under section 20(c) of the Securities Act of 1933, 15 U.S.C. § 77t(c).[1] (ECF No. 1.) Following the Court's OTSC, the Commission served Defendants. (ECF Nos. 7-9, 17.) Defendant Calabro responded (ECF No. 10), and the Commission replied (ECF No. 15). Defendants Konner and Koutsoubos failed to respond or enter an appearance in this action. The Court, on review of all submissions, decides this matter without oral argument under Local Civil Rule 78.1.

In August 2020, the Commission initiated a civil action through an application to the Court (the "Application") seeking to enforce Defendants' compliance with the Commission's May 2015

---

[1] The Commission's application is also made under Section 21(e)(1) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1).

order (the "Order").[2] Specifically, the Commission found that Defendants violated section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), as well as Rule 10b-5. (Compl. ¶ 9.) The Commission's Order mandated that Defendants stop committing further violations of the securities laws; imposed an industry bar against them; and ordered disgorgement, a civil monetary penalty, and interest. (*Id.* ¶¶ 10-12.) The Commission reports that Defendants have not made most of their monetary payments. (*Id.* ¶ 13.) By way of relief, the Commission now requests the Court enter a judgment requiring Defendants to pay their outstanding monetary penalties, disgorgement, and interest.

On issuing an order against a party, the Commission may petition a district court to compel enforcement of the order under section 20(c) of the Securities Act and section 21(e)(1) of the Exchange Act. *See* 15 U.S.C. §§ 77t(c), 78u(e); *S.E.C. v. Vindman*, No. 06-14233, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007). In relevant part, section 20(c) provides that "[u]pon application of the Commission, the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus commanding any person to comply with the provisions of this subchapter or any order of the Commission made in pursuance thereof." 15 U.S.C. § 77t(c). Such enforcement proceedings are summary in nature and can be "conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*." *S.E.C. v. McCarthy*, 322 F.3d 650, 655 (9th Cir. 2003). The respondents may not attack the validity of the Commission's underlying order. *S.E.C. v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014).

---

[2] The Commission originally filed its Application on May 27, 2020, as a miscellaneous action. *S.E.C. v. Calabro*, No. 2:20-mc-47 (May 27, 2020), ECF No. 1. On August 10, 2020, the Clerk of the Court determined that the matter was incorrectly categorized and refiled it as a civil action. *S.E.C. v. Calabro*, 3:20-cv-10162-MAS-DEA (Aug. 10, 2020), ECF No. 1.

Before entering any judgment, due process generally requires that the party subject to the order be provided reasonable notice and an opportunity to be heard. *McCarthy*, 322 F.3d at 659 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Here, the Court ordered the Commission to effectuate service on all Defendants. The Commission served Calabro personally (ECF No. 7), left service in Konner's mailbox at his daughter's request due to the ongoing COVID-19 pandemic (ECF No. 8), and published notice to Koutsoubos in the New York Times after an extensive investigation into his whereabouts (ECF No. 17).[3] The Court finds Defendants were adequately served. *See Juul Labs, Inc. v. 4X Pods, Eonsmoke, LLC*, No. 18-15444, 2021 WL 62316, at *6 (D.N.J. Jan. 7, 2021) (finding adequate service where service processer left papers on the ground after recipient refused to open her door due to COVID-19 fears); *Prudential Ins. Co. of Am. v. Holladay*, No. 07-5471, 2008 WL 1925293, at *3 (D.N.J. Apr. 30, 2008) (finding service by publication appropriate if plaintiff demonstrates that all efforts to locate defendant have failed and all statutory modes of service have been diligently exhausted).

Konner and Koutsoubos failed to respond to the Court's OTSC. (*See* ECF Nos. 8, 17.) The Court provided notice in its OTSC that any defendant who failed to show cause by written submission may be found in default and subject to compliance with the Commission's Order through Court judgment. (OTSC at 2.) Thus, the Court finds Konner and Koutsoubos had ample opportunity to respond and, by failing to do so, defaulted.

Calabro opposed the Commission's Application, raising a statute of limitations defense under 28 U.S.C. § 2462. (*See generally* Calabro's Opp'n Br., ECF No. 10.) Calabro urges the

---

[3] The Court previously granted the Commission's request to serve Koutsoubos through publication. (ECF No. 16.) The Court also directed the Commission to serve Koutsoubos via overnight delivery to his address of record with the Internal Revenue Service. (*Id.*) The Commission completed these steps. (*See* ECF Nos. 17, 18.)

Court to dismiss the Application because the Commission's Order was issued on May 29, 2015, but the instant action was commenced on August 10, 2020, or outside the five-year statute of limitations period. (*Id.* at 2-6 (citing 28 U.S.C. § 2462).) The Commission replied, explaining that although it inadvertently filed its Application as a miscellaneous action in May 2020, it was constructively filed as of that date or when the Clerk first received it. (Commission's Reply Br. *2, EFC No. 15 (citing, among others, *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451 (3d Cir. 1996)).)

The Court agrees the application is timely. To start, Calabro does not contest that the Commission filed a miscellaneous action within five years of the Commission's Order. (*See* ECF No. 15-1.) What's more, the Commission's error was made in good faith and on the advice of those assisting with electronic court filings. (Commission's Reply Br. 3.) Federal courts in this Circuit generally credit a complaint or application as being filed the date it was received by the Clerk of the Court for purposes of a statute of limitations defense. *McDowell v. Del. State Police*, 88 F.3d 188, 191 (3d Cir. 1996) ("[O]nce the filing fee requirement is satisfied . . . the filing date will relate back to the date on which the clerk received plaintiff's papers."). As such, the Court rejects Calabro's statute of limitations defense.

IT IS, on this 16th day of February 2022, **ORDERED** as follows:

1. The Commission's Application for an order requiring that Defendants comply with the Commission's Order dated May 29, 2015, is **GRANTED**.

2. The Commission shall submit a proposed judgment by **March 16th, 2022**.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE